FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 JUL 25 P 12:30
CLERK'S OFFICE
AT GREENBELT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

**MANUFACTURERS & TRADERS TRUST COMPANY,** *

**Plaintiff,** *

**v.** **Case No.: GJH-16-3346**
*

**DEL CONCA USA, INC. *et al.*,**
*

**Defendants.**
*

* * * * * * * * * * * * *

# MEMORANDUM OPINION

In this interpleader action, Plaintiff Manufacturers & Traders Trust Company ("M&T") brings suit against Defendants Del Conca USA, Inc. ("Del Conca") and Nathaniel L. Akers, requesting that the Court authorize M&T to deposit $302,662.69 in wired funds ("the Funds") into the Registry of the Court, dismiss M&T from the action, discharge M&T from further liability relating to the Funds, and award M&T the attorneys' fees and costs associated with this case. ECF No. 1. Pending before the Court is Plaintiff's Motion for Entry of an Order of Interpleader and Other Relief, ECF No. 16. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Entry of Interpleader is granted, in part, and denied, in part. Once the Funds have been deposited with the Registry of the Court, Plaintiff M&T shall be dismissed, discharged from liability, and awarded $9,092.60 in attorneys' fees and costs from the deposited funds. The remaining parties shall be realigned with Del Conca as Plaintiff and Nathaniel Akers as Defendant.[1]

---

[1] Defendant Del Conca's Motion for Default Judgment, ECF No. 17, shall be addressed in an Order and Opinion to be issued after the Funds have been deposited in the Registry of the Court.

## I. BACKGROUND

According to the Complaint, Plaintiff M&T is a New York state chartered bank maintaining an office in Baltimore, Maryland. ECF No. 1 ¶ 1. Defendant Del Conca is a corporation organized under the laws of Tennessee and maintains an office in Loudon, Tennessee. *Id.* ¶ 2. Nathaniel Akers is an individual who resides and is domiciled in Capitol Heights, Maryland. *Id.* ¶ 3. Akers does or has done business under the registered trade name Greenland Enterprises. *Id.* M&T currently holds $302,662.69 in wired funds, and has filed this interpleader action to determine which of the two Defendants is entitled to the Funds.

On or about February 5, 2016, Akers opened a business checking account with M&T. ECF No. 1 ¶ 10; *see* ECF No. 16-2 ¶ 4. On or about September 6, 2016, Del Conca initiated a wire transfer of $302,662.69 from an account Del Conca maintained with Banca Monte Del Paschi Di Siena ("BMPS") to an account Akers held at M&T. ECF No. 1 ¶¶ 11–13. Shortly after the Funds were transferred and credited to the M&T account, Del Conca contacted M&T, asserting that the transfer was procured by fraud, and requesting that M&T return the Funds to the BMPS account. *Id.* ¶ 14. In response, M&T did not return the Funds, but instead froze the account. *Id.* ¶ 15. M&T made repeated efforts to contact Akers, its customer, to determine whether Akers would contest Del Conca's claim to the Funds or allow M&T to return the Funds to Del Conca, but M&T was unsuccessful in reaching him. *Id.* ¶ 18. M&T maintains that it is contractually and legally obligated to retain the Funds until the dispute is resolved. *Id.* ¶¶ 16, 19.

M&T initiated this interpleader action against Del Conca and Akers on October 5, 2016. ECF No. 1.[2] Through efforts to serve Akers personally, M&T discovered that Akers was

---

[2] Prior to the filing in this Court, on September 29, 2016, Del Conca filed an action against M&T in the Supreme Court of New York, New York County, *Del Conca USA, Inc. v. Mfrs. & Traders Trust Co.*, No: 655166/2016. *See* ECF No. 16-3. Akers is not a party to that action. *Id.* Online case information from the New York Supreme Court Records On-Line Library indicates that no action has been taken in the case since March 30, 2017, but counsel from

homeless. *See* ECF No. 6-1 at 2–4.[3] M&T also learned that the personal address and business address on file for Akers were actually two separate churches where Akers periodically resided. *See id.* M&T's private process server was unable to locate Akers despite several attempts. *Id.* M&T filed a Motion for Alternative Service as to Defendant Akers, ECF No. 6, which the Court granted on December 14, 2016. ECF No. 8. M&T subsequently served Akers by first class U.S. mail, ECF No. 15 ¶ 4, and according to M&T, on or about January 6, 2017, Akers called Plaintiff's counsel, confirming that he had received the summons, and inquiring about the matter, *id.* ¶ 6.

In the instant Complaint, M&T requests that the Court restrain and enjoin the Defendants from instituting any action against M&T for recovery of the Funds, authorize M&T to deposit the Funds into the Registry of the Court, dismiss M&T from suit and discharge M&T from any further liability with respect to the Funds, award M&T the attorneys' fees and costs associated with this action, and require the Defendants to interplead as to the Funds. Defendant Del Conca has answered the Complaint, ECF No. 11. Akers was served on January 3, 2017, and an answer was due by January 24, 2017. ECF No. 17. Akers has not answered the Complaint or entered an appearance in this matter. Del Conca has now moved for Default Judgment against Akers, ECF No. 17. M&T opposes Default Judgment against Akers as premature. ECF No. 19 at 2. The time for Akers to respond has expired, and the Clerk shall be directed to enter default against Akers. However, default judgment against Akers cannot be resolved in the current posture, and Del Conca's Motion for Default Judgment will therefore be addressed in forthcoming proceedings. *See Wells Fargo Bank, N.A. v. Eastham*, No. CV DKC 16-0386, 2016 WL 2625281, at *5 (D.

---

Del Conca has filed several stipulations for extensions of time for Defendant M&T to respond to Del Conca's complaint. *See* http://iapps.courts.state.ny.us/iscroll/SQLData.jsp?IndexNo=655166-2016&Submit2=Search (last visited July 14, 2017). Del Conca attests that the case has been deferred. ECF No. 17-2 ¶ 4.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Md. May 9, 2016) (noting that interpleader defendant's motion for default against other defendant could not "be resolved in the present posture," and therefore realigning the remaining parties as adversaries and directing further proceedings); *Prudential Ins. Co. of Am. v. White*, No. 1:16-CV-1094, 2017 WL 2834459, at *3 (M.D. Pa. June 29, 2017) (denying interpleader plaintiff's motion for default judgment against one defendant, noting that "the Court finds that such relief is more appropriately sought in the second stage of this proceeding . . .").

## II. STANDARD OF REVIEW

"Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." *Security Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002). The device is designed "to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Id.* In interpleader claims, the interpleader plaintiff typically will "admit liability, deposit the fund with the court, and be permitted to withdraw from the proceedings." *Wells Fargo Bank, N.A. v. Eastham*, No. CV DKC 16-0386, 2016 WL 2625281, at *3 (D. Md. May 9, 2016) (citing *CMFG Life Ins. Co. v. Schell*, No. GJH-13-3032, 2014 WL 7365802, at *2 (D. Md. Dec. 22, 2014)).

28 U.S.C. § 1335(a) "grants the district courts original jurisdiction over interpleader claims involving at least $500.00 in funds or property and at least two claimants of diverse citizenship." *Wells Fargo Bank, N.A. v. Eastham*, No. CV DKC 16-0386, 2016 WL 2625281, at *3 (D. Md. May 9, 2016) (citing 28 U.S.C. § 1335(a)). 28 U.S.C. § 2361 provides that in an interpleader action under Section 1335:

> [A] district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the

> property . . . involved in the interpleader action until further order of the court. . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

An interpleader action generally proceeds in two stages. *Eastham*, 2016 WL 2625281, at *2 (D. Md. May 9, 2016) (citing 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 1714 (3d ed. 2001); *Rapid Settlements, Ltd. v. U.S. Fid. & Guar. Co.*, 672 F.Supp.2d 714, 717 (D. Md. 2009)). Initially, the Court determines "whether the stakeholder has properly invoked interpleader." *Eastham*, 2016 WL 2625281, at *2 (citing *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)). The propriety of interpleader rests upon whether the stakeholder "legitimately fears multiple litigation over a single fund," *id.*, and the Court considers whether: "(1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns [would] prevent the use of interpleader." *Id.*; *see also Metro. Life Ins. Co. v. Vines*, No. CIV. WDQ-10-2809, 2011 WL 2133340, at *2 (D. Md. May 25, 2011). If the Court determines interpleader to be proper, consistent with 28 U.S.C. § 2361, "the Court may direct the funds plus interest to be deposited with the Clerk, dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder regarding the [property at issue]." *Eastham*, 2016 WL 2625281, at *2.

During the second stage of an interpleader action, the Court issues a scheduling order and "the case continues between the claimants to determine their respective rights." *Eastham*, 2016 WL 2625281, at *2. (citing *Rhoades v. Casey*, 196 F.3d 592, 600). The claimants engage in the "normal litigation processes, including pleading, discovery, motions, and trial." *Id.* (citing *High Tech.*, 497 F.3d at 641).

## III. ANALYSIS

### A. Propriety of Interpleader

Applying the interpleader standard set forth above, M&T has satisfied all the requirements for invoking interpleader. Jurisdiction is proper under 28 U.S.C. § 1335 because the amount in controversy exceeds $500.00 and the Defendants are of diverse citizenship, as Del Conca USA, Inc. is a corporation incorporated under the laws of Tennessee, *see* 28 U.S.C. § 1332 ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated") and Akers is an individual domiciled in Maryland. A single fund is at issue, namely, the Funds in the amount of $302,662.69 transferred by Del Conca to M&T on September 6, 2016. *See* ECF No. 1 ¶¶ 10–21.

Further, Del Conca and Akers are "adverse claimants" to the Funds. This is true even though Akers has not expressly made a claim to the funds, because Plaintiff need only show the existence of a potential claimant to the funds to satisfy this element. *See* 28 U.S.C. § 1335 ("Two or more adverse claimants . . . are claiming or may claim to be entitled to such money or property."); *Eastham*, 2016 WL 2625281 at *3 ("Section 1335 expressly provides that an interpleader action is appropriate to resolve potential claims."); *Krishna v. Colgate Palmolive Co.*, No. 90 CIV. 4116 (CSH), 1991 WL 125186, at *2 (S.D.N.Y. July 2, 1991) ("[A]dverse claims need not have actually been asserted for an interpleader action to be proper. The language

of both Rule 22 and 28 U.S.C. § 1335 allow for the invocation of interpleader for the possibility of prospective claims."). "[C]ourts should not hesitate to allow interpleader even when prospective claims are involved as long as they do not fall below any meaningful threshold level of substantiality." *Eastham*, 2016 WL 2625281 at *3 (citing 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 1707 (3d ed. 2001)). Here, because the Funds are held in Akers' account, he is a potential adverse claimant. *See* ECF No. 16-2 ¶ 11 ("Without receiving the consent of Akers, M&T cannot return the Funds to Del Conça without exposing itself to potential liability to its customer Akers.").

In addition to Akers' potential claim, Del Conca asserts that the funds properly belong to it. Thus, M&T may be threatened with liability if it is obligated to determine who is entitled to the funds and decides incorrectly. *See Metro. Life Ins. Co. v. Vines*, No. CIV. WDQ-10-2809, 2011 WL 2133340, at *3 (D. Md. May 25, 2011) (noting that interpleading plaintiff "may be liable for damages if it incorrectly disburses" the remaining funds). Indeed, M&T has already been the subject of a lawsuit commenced by Del Conca regarding the Funds. *See* ECF No. 16-3. Finally, there are no equitable concerns preventing the use of interpleader. M&T attests that it is a disinterested and impartial stakeholder to the Funds that makes no claim to the funds. *Allstate Life Ins. Co. v. Ellett*, No. 2:14CV372, 2015 WL 500171, at *4 (E.D. Va. Feb. 4, 2015) (noting that plaintiff was "a disinterested stakeholder that does not dispute the amount owed under the relevant insurance policy, and is timely asserting, in good faith, that it is unable to determine which claimant is legally entitled to such funds" and finding interpleader to be appropriate).

Accordingly, the requirements for an interpleader action have been met. Therefore, the Court directs M&T to deposit with the Registry of the Court the $306,662.69 in Funds, plus interest that has accrued since September 6, 2016. Upon receipt of the Funds, the Court shall

dismiss M&T from the action, discharge M&T from further liability relating to the funds, and enjoin Defendants from instituting or prosecuting any proceedings in state or federal court affecting the funds involved in this interpleader action, pursuant to 28 U.S.C. § 2361. The remaining parties in this action shall be realigned with Del Conca as Plaintiff and Akers as Defendant.

**B. Attorneys' Fees and Costs for M&T**

"[I]t is within the discretion of the court to award the [interpleader] costs including a reasonable attorneys' fee out of the deposited fund." *Wells Fargo Bank, N.A. v. Eastham*, No. CV DKC 16-0386, 2016 WL 2625281, at *4 (D. Md. May 9, 2016) (citing *Coppage v. Ins. Co. of North America*, 263 F.Supp. 98, 100 (D. Md. 1967)); *see also Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, No. PX 15-02953, 2017 WL 319521, at *1 (D. Md. Jan. 23, 2017) (noting that "[t]he Court retains broad discretion to award the stakeholder its costs, including reasonable attorneys' fees, out of the deposited fund."). The rationale is that "[b]ecause the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in a single court," granting attorneys' fees to the stakeholder is often justified. *Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 627 (D.N.J. 2015)). Attorneys' fees and costs are, however, appropriate only when the interpleader plaintiff acts "as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." *Jericho*, 2017 WL 319521, at *1 (citing 7 Charles Alan Wright et al., Federal Practice and Procedure § 1719 (3d ed. 2001)).

Additionally, "[w]hen an award of costs and attorneys' fees to a stakeholder in a successful interpleader action is equitable, it should also be modest." *Jericho*, 2017 WL 319521, at *2. "By its very nature [an interpleader fee] is of a relatively small amount simply to

compensate for initiating the proceedings." *Id.* (citing *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (5th Cir. 1962)). In general, a stakeholder's ability to recoup attorneys' fees and costs is limited, because the interpleader process "does not usually involve any great amount of skill, labor or responsibility." *Id.* (citing *Lewis v. Atlantic Research Corp.*, No. 98-0070-H, 1999 WL 701383, at *7 (W.D. Va. Aug. 30, 1999)). An award of attorneys' fees should be "properly limited to the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stakeholder." *Id.*

Indeed, courts in this jurisdiction have, in recent interpleader cases, denied requests for attorneys' fees entirely, *see Eastham*, 2016 WL 2625281 at *5 (noting that "[p]laintiff could have taken steps to assuage its concern regarding multiple potential claimants to the Disputed Funds without initiating an interpleader action that required five additional parties to spend time and money in litigation," and that "courts often deny costs and fees when an interpleader brings an action 'prematurely or without sufficient basis for believing that it will be subjected to multiple vexation.'"), or made a substantial deduction to the award request, *see Jericho*, 2017 WL 319521, at *3 (cutting attorneys' fees that were "spent on matters outside the interpleader action itself").

Here, while M&T is an impartial stakeholder, and the requirements of interpleader have been met, it does appear that resolution short of interpleader may have been possible. Prior to initiating this action, M&T made repeated efforts to contact Akers to determine whether he would contest the allegations of fraud, claim entitlement to the Funds, or permit the return of the Funds to Del Conca and BMPS. Akers never responded to M&T, nor did he make a claim to these Funds. Thus, it would seem that the only likely claimant was Del Conca. Rather than accept an offered indemnification agreement from Del Conca, or take other steps to assuage their

concerns of conflicting liabilities, *see* ECF No. 21 at 10–11, M&T chose to commence this interpleader action. It would be unjust to require Del Conca, who by all accounts appears to be the victim of fraud, to bear the full costs of Plaintiff's attorneys' fees in this matter, in addition to their own. *See Coppage v. Ins. Co. of N. Am.*, 263 F. Supp. 98, 101 (D. Md. 1967) (noting that to "require the claimants . . . also to bear the fee of [the interpleading party's] counsel would be unjust, and is not required or warranted by the law of Maryland or federal law" and "services rendered to [the interpleader] by their counsel should be borne by [the interpleader] themselves and not by the injured persons"); *Washington Mutual Bank, F.A. v. MacRae*, No. CIV.A. 04-0550A, 2004 WL 2809315, at *2 (Mass. Super. Nov. 17, 2004) (denying plaintiff bank's request for attorneys' fees, noting that "the plaintiff bank filed an interpleader action purely on the basis of convenience[,] and not necessity[,] to be relieved of the burden of holding surplus funds" and "[t]he plaintiff bank could have elected other options that would not have exposed it to risk nor would have necessitated that it incur legal fees and costs.").

With this in mind, the Court turns to M&T's request of $18,000.00. *See* ECF No. 16 at 4. The starting point for determining the proper amount of a fee award is the "lodestar," or "the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. 424, 433 (1983); *see also Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The party seeking an award of attorney's fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The court shall adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Rum Creek Coal Sales*, 31 F.3d at 175 (citing *Hensley*, 461 U.S. at 437). And in the case of interpleader actions, "[t]he ultimate decision to grant reimbursement for those fees

and costs remains in the Court's discretion." *Life Ins. Co. of the Sw. v. Coleman*, No. 3:14-CV-799-JAG, 2015 WL 1469155, at *2 (E.D. Va. Mar. 30, 2015) (citing *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Sprague*, 251 F. App'x 155, 156 (4th Cir. 2007)).

The hourly rates requested by M&T fall within the range of presumptively reasonable rates identified in Appendix B of the Local Rules (D. Md. July 1, 2016),[4] however, the Court will, in its discretion, make some adjustments to the hours billed. Using the guiding principle that fees shall only be awarded for tasks related to the interpleader action itself, the Court finds that no fees shall be awarded for September 2016, as it appears that time was spent defending a separate matter; but finds that M&T is entitled to $2780.80 for October 2016; $726.20 for November 2016; $2765.40 for December 2016; $250.60 for January 2017; and $2569.60 for February 2017 — for a total amount of $9,092.60. To the extent M&T seeks fees for litigating the New York state case, actions taken in M&T's own self-interest are not properly recoverable as attorneys' fees. *See, e.g., Fid. Brokerage Servs. LLC v. Caro*, No. 10 CIV. 5893 BSJ RLE, 2011 WL 4801523, at *2 (S.D.N.Y. Oct. 11, 2011) (noting that "[b]ecause the proceedings before the Supreme Court of the State of New York were not related to the bringing of the interpleader action, [plaintiff] is not entitled to attorneys' fees for these costs."); *Hearing v. Minnesota Life Ins. Co.*, 33 F. Supp. 3d 1035, 1043 (N.D. Iowa 2014), *aff'd*, 793 F.3d 888 (8th Cir. 2015) (denying request for attorneys' fees where company brought interpleader action in its own self-interest).

Accepting this calculation proposed by Del Conca, and considering that this case was not particularly complicated and may have been avoidable, the Court believes $9,092.60 to be a fair

[4] Lawyers admitted to the bar for less than five (5) years: $150-225. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425. Lawyers admitted to the bar for twenty (20) years or more: $300-475. Paralegals and law clerks: $95-150. Loc. R. app. B (D. Md. July 1, 2016).

and appropriate sum. It is also consistent with awards given in similar circumstances. *See, e.g.*, *Citibank, N.A. v. Jericho Baptist Church Ministries, Inc.*, No. PX 16-01697, 2017 WL 2132033, at *7 (D. Md. May 17, 2017) (reducing Citibank's request from $27,574.80 and granting $13,044.16 in attorneys' fees and costs); *Metro. Life Ins. Co. v. Sanchez*, No. 2:16-CV-00787-MCE-AC, 2017 WL 2081794, at *2 (E.D. Cal. May 15, 2017) (finding sum of $5,801.34 reasonable for "initiating this interpleader action, effecting service of process, preparing the instant motion to dismiss/discharge, and otherwise participating in this litigation."); *Transamerica Life Ins. Co. v. Sallome*, No. 3:14CV624, 2015 WL 222184, at *3 (E.D. Va. Jan. 14, 2015) (awarding $11,617.00); *Dusseldorp v. Ho*, 4 F. Supp. 3d 1069, 1071 (S.D. Iowa 2014) (reducing request from $15,507.82 and awarding $3,506.00); *Fid. Nat. Title Co. v. U.S. Small Bus. Admin.*, No. 2:13-CV-02030-KJM-AC, 2014 WL 6390275, at *5 (E.D. Cal. Nov. 13, 2014) (awarding $11,500); *Wells Fargo Bank, Nat. Ass'n v. PACCAR Fin. Corp.*, No. 108CV-00904AWI-SMS, 2009 WL 211386, at *4 (E.D. Cal. Jan. 28, 2009) (awarding $5575.55). Accordingly, an amount of $9,092.60 shall be disbursed from the Registry of the Court to M&T for attorneys' fees, once the Funds have been deposited.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Interpleader is granted, in part, and denied, in part. A separate Order shall issue.

Date: July 25, 2017

GEORGE J. HAZEL
United States District Judge