IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| DEL CONCA USA, INC. | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-16-3346 |
| NATHANIEL AKERS | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

# MEMORANDUM OPINION

The Court previously granted, in part, and denied, in part, Manufacturers & Traders Trust Company's ("M&T's") Motion for Entry of an Order of Interpleader and Other Relief, ECF No. 16. *See* ECF Nos. 22 and 23. In a Memorandum Opinion and Order, the Court directed M&T to deposit the Funds at issue in this interpleader action with the Registry of the Court, awarded an amount of attorneys' fees and costs to be disbursed to M&T from the deposited Funds, and realigned then-Defendant Del Conca USA, Inc. ("Del Conca") as "Plaintiff" against Defendant Nathaniel Akers. Having now received the Funds in the Registry of the Court, Plaintiff Del Conca's Motion for Default Judgment against Defendant Akers, ECF No. 17 is now ready for resolution. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff Del Conca's Motion for Default Judgment against Akers is granted. The remainder of the Funds in the Registry shall be disbursed to Del Conca.

I.    BACKGROUND

The facts of this case were fully set forth in the Court's Memorandum Opinion dated July 25, 2017. ECF No. 22 at 2–4.[1] Following an alleged wire transfer of $302,662.69 (the "Funds") on or about September 6, 2016, from a bank account held by Del Conca to an account held by Akers with M&T, a dispute as to the proper entitlement to the Funds arose. *See* ECF No. 1 ¶¶ 11–21. Shortly after the Funds were transferred and credited to Akers' account at M&T, Del Conca contacted M&T, asserting that the transfer was procured by fraud, and requested that M&T return the Funds to Del Conca. *Id.* ¶ 14. In response, and after Del Conca filed a suit in state court in New York against M&T, M&T initiated this interpleader action against Del Conca and Akers to determine ownership of the Funds. ECF No. 1.

In the Court's previous Opinion, the Court directed M&T to deposit the disputed Funds with the Clerk of Court, and upon receipt, indicated that it would discharge M&T from further liability regarding the Funds, and enjoin Del Conca and Akers from instituting or prosecuting any further legal proceeding against M&T with regard to the Funds. However, the Court reserved resolving Del Conca's motion for default judgment as to Akers, reasoning that default judgment could not be rendered against Akers in the case's earlier posture, and would be premature. *See* ECF No. 22 at 3–4. To date, Akers has not entered an appearance in the matter, and the time for responding to the pending Motions has expired. Having received the Funds, and upon consideration of Del Conca's Motion for Default Judgment against Defendant Akers, ECF No. 17, the Court now grants the Motion for Default Judgment against Akers, and directs the Clerk to disburse the remaining amount of the deposited Funds to Plaintiff Del Conca.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II. DISCUSSION

"Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." *Security Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002). An interpleader action generally proceeds in two stages. *Eastham*, 2016 WL 2625281, at *2 (D. Md. May 9, 2016) (citing 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 1714 (3d ed. 2001); *Rapid Settlements, Ltd. v. U.S. Fid. & Guar. Co.*, 672 F.Supp.2d 714, 717 (D. Md. 2009)). Initially, the Court determines "whether the stakeholder has properly invoked interpleader." *Eastham*, 2016 WL 2625281, at *2 (citing *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)). If the Court determines interpleader to be proper, consistent with 28 U.S.C. § 2361, "the Court may direct the funds plus interest to be deposited with the Clerk, dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder regarding the [property at issue]." *Eastham*, 2016 WL 2625281, at *2. During the second stage of an interpleader action, the Court issues a scheduling order and "the case continues between the claimants to determine their respective rights." *Eastham*, 2016 WL 2625281, at *2. (citing *Rhoades v. Casey*, 196 F.3d 592, 600). The claimants engage in the "normal litigation processes, including pleading, discovery, motions, and trial." *Id.* (citing *High Tech.*, 497 F.3d at 641). Here, the Court cannot proceed to the second stage because Akers is in default.

Federal Rule of Civil Procedure 55 "authorizes the entry of default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982). Upon the moving party's request, Rule 55(a) allows

3

the Clerk of the Court to enter default against the defendant who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After a default has been entered, Rule 55(b)(2) authorizes the Court "to enter a default judgment against [that party] for the amounts claimed and costs." *Guardian Life Ins. Co. of Am. v. Spencer*, No. 5:10CV00004, 2010 WL 3522131, at *3 (W.D. Va. Sept. 8, 2010) (citing Fed. R. Civ. P. 55(b)(2)). "In the context of an interpleader action, a defendant against whom a default judgment has been entered forfeits any claim of entitlement that might have been asserted by that defendant." *Id.* (citing *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) (noting that "[c]learly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *see also Amoco Production Co. v. Aspen Group*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999) ("[T]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the [the property] can be viewed as forfeiting any claim of entitlement that might have been asserted.").

In this case, Akers has defaulted. Akers was served on January 3, 2017. ECF No. 12. Akers has not responded to the Complaint, and the time for doing so has passed. Additionally, Akers has not responded to the Motion for Default Judgment filed on February 14, 2017. The Clerk entered default against Akers on July 25, 2017, and Akers has yet to enter an appearance or assert any ownership over the Funds. Therefore, Akers has forfeited any claim of entitlement to the Funds that he may have asserted, and Plaintiff Del Conca is entitled to the Funds. *See, e.g., Life Ins. Co. of N. Am. v. Hale*, No. CIVA08CV02551RPMKMT, 2009 WL 2843270, at *3 (D. Colo. Aug. 31, 2009) (entering default judgment against interpleader defendant and noting that "in an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the *res.*"); *Protective Life Ins. Co. v. Tinney*, No. 2:14-CV-

4

02251-TMP, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (noting that "the law seems to hold that a default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint."); *Am. Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co.*, No. 99 C 6990, 2002 WL 484845, at *2 (N.D. Ill. Mar. 29, 2002) (finding that defendant was "clearly entitled" to have his motion for default judgment granted against one of two other defendants who had neither answered nor appeared); *European Am. Bank v. Royal Aloha Vacation Club*, No. 87 CIV. 2154(RWS), 1988 WL 68194, at *1–2 (S.D.N.Y. June 20, 1988) (granting movant's motion for default judgment against two other defendants who did not file a timely answer to the complaint in interpleader action). Accordingly, the Motion for Default Judgment against Akers shall be granted.

### III. CONCLUSION

For the foregoing reasons, Del Conca's Motion for Default Judgment against Akers, ECF No. 17, is granted. After distributing to M&T the $9,092.60 in attorneys' fees and costs previously awarded, *see* ECF No. 23, the Clerk of Court shall disburse the remainder of the deposited Funds to Del Conca. As previously stated, M&T is discharged from further liability regarding the Funds, and Del Conca and Akers are enjoined from instituting or prosecuting further legal proceedings arising out of the Funds. *See* 28 U.S.C. § 2361. A separate Order shall issue.

Date: August 18, 2017

GEORGE J. HAZEL
United States District Judge